UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELWYN HAWKINS,<br><br>            Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY JAIL,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07032 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Selwyn Hawkins, Plaintiff Pro Se
3005 Hope St.
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Selwyn Hawkins seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.   Plaintiff presumably seeks monetary damages[1] from CCJ for allegedly unconstitutional conditions of confinement. As the CCJ is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C.

---

[1] Plaintiff has not stated any requested relief in the complaint.

2

§ 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

6.   Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.   Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The fact section of the complaint states: "I was in the Camden County Jail. I was on the floor with 3 men 5 men in one cell[.] Floor cold. Cold shower Hit head on bunk F[e]ll over somebody leg." Complaint § III. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man,

3

one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538
F.3d 229, 233 (3d Cir. 2008) (noting due process analysis
requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the dates and length of
the confinement(s), whether Plaintiff was a pretrial detainee or
convicted prisoner, etc.

9.   As Plaintiff may be able to amend his complaint to
address the deficiencies noted by the Court, the Court shall
grant Plaintiff leave to amend the complaint within 30 days of
the date of this order.

10.  Plaintiff should note that when an amended complaint
is filed, the original complaint no longer performs any function
in the case and cannot be utilized to cure defects in the
amended complaint, unless the relevant portion is specifically
incorporated in the new complaint. 6 Wright, Miller & Kane,
Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes
omitted). An amended complaint may adopt some or all of the

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[2] *Id.*

11.   For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

12.   An appropriate order follows.

**February 16, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

---

[2] The amended complaint shall be subject to screening prior to service.